

# APPENDIX E-1, USDCNH-102, COMPLAINT FORM

2020 JAN -9 AM 11: 14

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Danielle (Lynn) Duguay

Plaintiff(s)

COMPLAINT

RBS Citizens Bank
Dennis Cote

Defendant(s)

**Parties to this Complaint:**

Plaintiff(s)'s Name, Address, and Phone Number

Danielle (Lynn) Duguay
245 middle Street, 625
Portsmouth, NH 03801
(603) 496-7665

-43-

Defendant(s)'s Name, Address, and Phone Number

-Michael Pastore of Counsel
  Citizens Bank - one Citizens Plaza
Providence, RI 02903
(401) 456-7096
      q
  Rbs Citizens 10561 Telegraph Rd. Glen Allen,
VA 23059
  (804) 253-9632

          - Mintz, Levin, Cohn, Ferris, Glousky, & Popeo, P.C.
            one Financial Center Boston, MA 02111
        (617) 239-8427
Dennis Cote
7 Concord Way Dover, NH 03820
(603) 817-9095(6)

## Jurisdiction and Venue:

(Explain why your case is being filed in federal court and why the court is
legally permitted to hear your case. Add additional sheets as necessary.)

Alleged Violation of Title LXII
Criminal Code 638 FRAUD

Alleged violation of title VXXIV-A
uniform commercial code 382-A.627

## Statement of Claim:

(As briefly as possible, state each claim you have against defendant(s) and state the legal cause of action, facts, and circumstances that gave rise to your claim(s). Add additional sheets as necessary.)

The Plaintiff Danielle (Lynn) Duguay comes before the court with an argument with her mortgagee, Citizens Bank for allegedly bringing to court the attention of organized criminal acts breaching codes contradicting with due process of a legal procedure loan, Criminal code LXII Chapter 638.

Citizens Bank's failure to produce tax records, statements, and documents revealing otherwise has drawn suspicious cause to lead Plaintiff to believe these are true acts and should be addressed in court.

With these alleged federal crimes, followed up with, alleged wrongful eviction and foreclosure, (PTFA) loan modification scams and quiet title (town of Ossipee, N.H.)

Proactively Citizens Bank claimed Private mortgage Insurance over the property and house was auctioned without the appropriate manner in performing a Commercially Reasonable Sale. (Short title) Article 9 UCC Title XXXIV-A 382A 627 Uniform Commerical Code

-45-

**Relief Requested from the Court:**

(State briefly exactly what you want the court to do for you. Add additional sheets as necessary.)

I Danielle (Lynn) Duguay have requested "the freedom of Information Act" on all information pertaining to the mortgage, taxes, interest, sale of property, and claims on property with the United States Department of Justice.

Ive also requested all transaction history with the bank, sale of property, recordings, and title and deed research.

Since the bank refuses to reveal the mortgage in which required official documents I would like to request the court to ask bank to provide all official documents at this time. I would like Citizens bank to provide proof of the alleged crimes. Also the bank's failure to perform a commercially reasonable sale by the bank collecting 190,000 from my insured refusing me the option to buy home and re-selling home collecting the extra equity that was in the home. This alleged wrongdoing breaches Article 9 in the UCC. and title XXXIV-A-382-A 627 failure to perform Reasonable Sale thus allegedly stealing even more funds.

I would like the court to grant me the wrong filings I did not owe, money damages, collateral damages, and the difference of money they put allegedly in their pocket.

-46-

WHEREFORE, Pro Se Litigant respectfully requests that the court:

A.  Grant the Motion to Obtain Permission to File Electronically; and

B.  Grant such other relief as is equitable and just.

Date: _1/6/2020_

Signature: _Danielle M Duguay_

Name: _Danielle m(Lynn)Duguay_

Address: _245 middle Street, 625_

_Portsmouth, NH 03801_

Telephone No. _(603) 496-7665_

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing MOTION was mailed/hand delivered to the following persons at the address specified herein: _____

_____

_____

Date: _____

Signature: _____

Name: _____

(Typed or Printed)

## Jury Demand:

☑ Check this box if you are requesting a jury trial (if you want a jury of your peers to decide your case).

☐ Check this box you are NOT requesting a jury trial (if you want the assigned judge to decide your case).

January 6, 2020
Date

Danielle M Dugay
Signature of Plaintiff

-46-

**2014 New Hampshire Revised Statutes**

**Title XXXIV-A - UNIFORM COMMERCIAL CODE**

**Chapter 382-A - UNIFORM COMMERCIAL CODE Section 382-A:9-627 - Determination of Whether Conduct Was Commercially Reasonable.**

**Universal Citation:** NH Rev Stat § 382-A:9-627 (2014)

**382-A:9-627 Determination of Whether Conduct Was Commercially Reasonable. –**

(a) Greater amount obtainable under other circumstances; no preclusion of commercial reasonableness. The fact that a greater amount could have been obtained by a collection, enforcement, disposition, or acceptance at a different time or in a different method from that selected by the secured party is not of itself sufficient to preclude the secured party from establishing that the collection, enforcement, disposition, or acceptance was made in a commercially reasonable manner.

(b) Dispositions that are commercially reasonable. A disposition of collateral is made in a commercially reasonable manner if the disposition is made:

(1) in the usual manner on any recognized market;

(2) at the price current in any recognized market at the time of the disposition; or

(3) otherwise in conformity with reasonable commercial practices among dealers in the type of property that was the subject of the disposition.

(c) Approval by court or on behalf of creditors. A collection, enforcement, disposition, or acceptance is commercially reasonable if it has been approved:

(1) in a judicial proceeding;

(2) by a bona fide creditors' committee;

(3) by a representative of creditors; or

(4) by an assignee for the benefit of creditors.

(d) Approval under subsection (c) not necessary; absence of approval has no effect. Approval under subsection (c) need not be obtained, and lack of approval does not mean that the collection, enforcement, disposition, or acceptance is not commercially reasonable.

**Source.** 2001, 102:25, eff. July 1, 2001.

(attach additional sheets if necessary)

Date: _1/6/20_                                                _Danielle Ongrey_
                                                                  Signature

## MEMORANDUM OF LAW

Pursuant to LR 7.1(a)(2), every motion shall be accompanied by a memorandum with citations to supporting authorities or a statement explaining why a memorandum is unnecessary.

☐ I have attached a supporting memorandum of law to this motion.

☑ I have NOT attached a memorandum of law because none is required (explain your reasoning below).

## CONCURRENCES SOUGHT

Pursuant to LR 7.1(c), any party filing a motion other than a dispositive motion (a dispositive motion seeks an order disposing of one or more claims in favor of the moving party, for example, a motion to dismiss or a motion for summary judgment) shall certify to the court that a good faith attempt has been made to obtain concurrence/agreement in the relief sought. If concurrence is obtained, the moving party shall so note.

I certify the following (choose one):

☐ All parties have assented/agreed to this motion.

☐ I made a good faith attempt, but was unable to successfully obtain concurrence/agreement from all parties.

☑ I have NOT attempted to obtain concurrence/agreement because it is not required.

-59-

## CERTIFICATE OF SERVICE

I hereby certify that this motion was served on the following persons on the date and in the manner
specified below:

Person(s) served electronically (via ECF):

Person(s) served by mail. Please include address(es):

Person(s) served by hand:

Date of Service: _____

_____
Signature

_____
Name

_____

_____
Address

_____
Phone

_____
Email

-60-