## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Danielle M. Duguay

     v.                                              Case No. 20-cv-65-LM

RBS Citizens Bank
Dennis Cote


## REPORT AND RECOMMENDATION


Plaintiff Danielle M. Duguay, appearing pro se, has sued
RBS Citizens Bank ("Citizens") and RBS Citizens loan officer
Dennis Cote, alleging fraudulent conduct in connection with her
2009 mortgage loan.  See Complaint (Doc. No. 1).  The complaint
is before this magistrate judge for preliminary review, pursuant
to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(1).  For the reasons
that follow, the district judge should dismiss this lawsuit.

## Preliminary Review Standard

The magistrate judge conducts a preliminary review of
pleadings, like Duguay's, which are filed in forma pauperis.
See LR 4.3(d).  The magistrate judge may recommend to the
district judge that one or more claims be dismissed if, among
other things, the court lacks jurisdiction, a defendant is
immune from the relief sought, or the complaint fails to state a
claim upon which relief may be granted.  See 28 U.S.C. §
1915(e)(2); LR 4.3(d).  In conducting its preliminary review,

the court construes pro se complaints liberally.  See Erickson
v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint
must contain "sufficient factual matter, accepted as true, to
'state a claim to relief.'"  Ashcroft v. Iqbal, 556 U.S. 662,
678 (2009) (citation omitted).  The court treats as true all
well-pleaded factual allegations, and construes reasonable
inferences in plaintiff's favor.  See Ocasio-Hernández v.
Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Background[1]

Plaintiff obtained a mortgage loan from RBS Citizens in
2009.  She asserts that Citizens and Cote violated various
federal criminal laws while servicing her loan and that Citizens
failed to conduct the foreclosure sale of her home in a
commercially reasonable manner.  According to the public record,
plaintiff's home was sold at foreclosure on June 15, 2015 and
transferred by foreclosure deed on July 23, 2015.  Registry of
Deeds, Carroll County, New Hampshire, Book 3215, Page 163.  See
Nationstar Mortg. LLC v. Galvin, Civ. No. 4:17-cv-40123-DHH,
2019 WL 1959862 , at *4 n.2 (D. Mass. May 2, 2019) (taking
judicial notice of property conveyances recorded in the local

---

[1] The facts recited in this section are drawn from the complaint
(Doc. No. 1) and documents attached thereto.  See Foley v. Wells
Fargo Bank, N.A., 772 F.3d 63, 72 (1st Cir. 2014).

registry of deeds).  Plaintiff seeks compensatory and punitive damages.

## **Analysis**

A.  Subject Matter Jurisdiction

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gun v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The plaintiff has the burden to establish the court's jurisdiction.  Calderón–Serra v. Wilmington Trust Co., 715 F.3d 14, 17 (1st Cir. 2013).

To invoke this court's subject matter jurisdiction, plaintiff must allege either that this action raises a federal question, in that the cause of action arises under federal law, or that this court has diversity jurisdiction over the matter. See 28 U.S.C. § 1331 (federal question) and § 1332 (diversity). To establish diversity jurisdiction, plaintiff must assert that the parties are citizens of different states, see id. at § 1332(a)(1), and that the amount in controversy in this action exceeds $75,000.  See id. at § 1332(b).

Plaintiff here invokes only New Hampshire law, claiming that the defendants violated state criminal law and conducted a commercially unreasonable foreclosure sale.  Thus, the only

basis upon which the court could exercise subject matter
jurisdiction is through diversity.

To establish diversity jurisdiction, plaintiff must show
that the parties are citizens of different states and that the
amount in controversy is more than $75,000.  See 28 U.S.C. §
1332.  "[D]iversity jurisdiction requires 'complete diversity of
citizenship as between all plaintiffs and all defendants.'  This
means that diversity jurisdiction does not exist where any
plaintiff is a citizen of the same state as any defendant."
Alvarez-Torres v. Ryder Mem'l Hosp., Inc., 582 F.3d 47, 53–54
(1st Cir. 2009) (citations omitted).  Here, the face of the
complaint indicates that both plaintiff and defendant Cote are
New Hampshire citizens.  These allegations fail to satisfy the
requirement of diversity jurisdiction.  The district judge
should therefore dismiss this complaint due to lack of subject
matter jurisdiction.

Even if the plaintiff could establish subject matter
jurisdiction, her claims would nevertheless be subject to
dismissal. Plaintiff first alleges that Citizens and Cote
committed criminal fraud, in violation of N.H. Rev. Stat. Ann.
ch. 638.  That statute, part of New Hampshire's criminal code,
does not provide a private right of action.  In general, there
is no federal right to have wrongdoers prosecuted.  See Nieves-
Ramos v. Gonzalez-De-Rodriguez, 737 F. Supp. 727, 728 (D.P.R.

1990) (citing <u>Linda R. S. v. Richard D.</u>, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another")).

Next, plaintiff claims that Citizens sold her house at foreclosure for an unreasonably low price.  While New Hampshire law requires a mortgagee exercising a power of sale to "exert every reasonable effort to obtain a fair and reasonable price under the circumstances," <u>Murphy v. Fin. Dev. Corp.</u>, 126 N.H. 536, 541 (1985), plaintiff's home was sold in 2015.  Pursuant to N.H. Rev. Stat. Ann. ch. 479:25, "No claim challenging the form of notice, manner of giving notice, or the conduct of the foreclosure sale shall be brought by the mortgagor of any record lienholder after one year and one day from the date of the recording of the foreclosure deed for such sale."  <u>See</u> <u>id.</u> § II-a.  The foreclosure deed  following the sale of Duguay's home was recorded in the Carroll County Registry of Deeds on August 11, 2015.  Therefore, the latest Duguay could have brought an action challenging the sale was August 12, 2016. Accordingly, the limitation period for Duguay's foreclosure claim expired before she filed this lawsuit.

## Conclusion

For the reasons set forth herein, the undersigned recommends that the district judge assigned to this case dismiss it for lack of subject matter jurisdiction, or, in the

alternative, for failure to state a claim for which relief can be granted.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

March 4, 2020

cc:  Danielle M. Duguay